NO. 07-09-0125-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 11, 2009

_____

JULIAN EDWARD PERALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,635-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of guilty, Appellant, Julian Edward Perales, was granted deferred adjudication for aggravated assault with a deadly weapon and placed on community supervision for eight years. While on community supervision, Appellant allegedly violated the terms and conditions thereof prompting the State to proceed with a motion to

adjudicate guilt. Appellant plead not true. After hearing evidence, the trial court adjudicated Appellant guilty of the charged offense and assessed punishment at ten years confinement. The *Trial Court's Certification of Defendant's Right of Appeal* filed in this Court on April 24, 2009, reflects that Appellant does have the right of appeal. Appellant timely perfected this appeal from the trial court's judgment. Having filed a motion for new trial, the appellate record was due on July 22, 2009.[1] Pending before this Court is a request for an extension of time filed by the Potter County District Clerk in which to file the clerk's record. As a ground for the extension, the clerk avers that counsel has not been appointed to represent Appellant in this appeal.

The trial court clerk is responsible for preparing, certifying, and timely filing the clerk's record if: (1) a notice of appeal has been filed, and in criminal proceedings, the trial court has certified the defendant's right of appeal; and, (2) the party responsible for paying for the preparation of the clerk's record has paid the clerk's fee, has made satisfactory arrangements with the clerk to pay the fee, or is entitled to appeal without paying the fee. *See* Tex. R. App. P. 35.3 (a). While the bill of costs attached to the judgment reflects that Appellant was represented by court appointed counsel at the trial court level, the affidavit attached to Appellant's motion for new trial indicates that Appellant retained his appellate counsel. From the limited record before us, we are unable to determine whether Appellant has satisfied the second requirement of Rule 35.3(a). Although the basis of the clerk's

---

[1] The reporter's record was filed on July 31, 2009.

request for an extension of time does not state an adequate ground for relief,[2] we will interpret the same as requesting an extension based upon the failure of Appellant's appellate counsel to make adequate financial arrangements for the payment or waiver of the clerk's fee, and we will grant that request in accordance with the following orders.

Therefore, we abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to determine the following:

1. whether Appellant desires to prosecute this appeal; and
2. whether Appellant has paid the clerk's fee, made satisfactory arrangements for the payment of the clerk's fee, or is entitled to appeal without paying the fee.

On or before August 21, 2009, the trial court shall enter an order containing findings of fact and conclusions of law addressing those issues. In addition, upon the filing of that order, the trial court shall cause a copy thereof to be mailed to this court. Should the trial court determine that Appellant does want to continue the appeal, the trial court shall take such action as is necessary to ensure that the clerk's record in this cause is filed on or before August 31, 2009.

In the event the clerk's record is not filed by that date, the trial court is directed to immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to

---

[2]The duty of the trial court clerk to prepare, certify and timely file the clerk's record does not depend on whether or not an appellant is represented by counsel - retained, appointed, or otherwise.

3

determine the status of the record. On or before September 14, 2009, the trial court shall enter an order containing findings of fact and conclusions of law addressing that issue. In addition, upon the filing of that order, the trial court shall cause a copy thereof to be mailed to this Court.

It is so ordered.

Per Curiam

Do not publish.